# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

Nº 25-CV-3598 (RER) (CLP)

_____

DEONNE KIRKLAND

VERSUS

SECURITY CAPTAIN CRUZ #1197, *ET AL*.

_____

**MEMORANDUM & ORDER**

_____

**RAMÓN E. REYES, JR., District Judge:**

Plaintiff Deonne Kirkland, currently being held at the Rose M. Singer Center ("RMSC") at Rikers Island, brings this action *pro se* against Captain Cruz, # 1197, Director of Facility Programs, Nadely Taveraz, Warden Ronald Miller, RMSC Environmental Health Officer, Captain Hamilton, and New York City Department of Correction Commissioner Lynelle Maginley-Liddie, pursuant to 42 U.S.C. § 1983.[1] (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. (ECF No. 2.) Plaintiff's request for pro bono counsel is denied without prejudice. (ECF No. 6.) For the reasons discussed below, the complaint is dismissed. Plaintiff is granted until **October 3, 2025**, to file an amended complaint.

_____

[1] Plaintiff has pending criminal charges in Kings County Criminal Court stemming from her arrest on September 22, 2022, and has assigned counsel in that action. *See People v. Kirkland*, No. IND-75103-22/001.

1

## BACKGROUND

Plaintiff alleges that on April 30, 2025, she was moved into Building # 6 at RMSC by Captain Hamilton, despite the building being unsafe and hazardous. (ECF No. 1 at 5.) She states that she filed multiple complaints with defendants Captain Hamilton and Captain Cruz, as well as with Warden Miller, Director Taveraz, and security staff. (*Id*. at 4.) Plaintiff further claims that she also submitted complaints through 311 and the New York City Board of Correction ("BOC"), raised concerns during biweekly inmate council meetings, and filed a written complaint on May 27, 2025. (*Id*. at 4–5.) According to Plaintiff, all complaints submitted to the BOC were forwarded to Commissioner Maginley-Liddie. (Id. at 4.)

Despite her repeated complaints about unsafe conditions in Building 6, Plaintiff alleges that on June 6, 2025, an electrical outlet in the makeshift food pantry exploded into flames. (Id. at 3–4.) She asserts that the outlet was located directly under a leaking water unit, had multiple appliances plugged in, and that it exploded when another detainee tried to unplug one of them. (*Id*. at 4.) Plaintiff further alleges that while she was trying to escape the fire, she injured her lower back on a sink inside the pantry. (*Id*.) She was treated by medical staff at RMSC, was referred to a specialist for an MRI, and is being provided with medication. (*Id*.) Plaintiff seeks $7 million in damages, for defendants to be removed from their positions, and to be rehoused or released. (*Id*. at 6.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although factual allegations in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A.

## DISCUSSION

A. <u>Section 1983</u>

Plaintiff brings this action under Section 1983 which provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

B. <u>Conditions of Confinement Claims</u>

Plaintiff's allegations do not rise to the level of a constitutional violation. "A pretrial detainee's claim for unconstitutional conditions of confinement is governed by the Fourteenth Amendment Due Process Clause, which requires that officers take reasonable measures to guarantee the safety of the inmates[.]" *Ungar v. City of New York*, No. 21-1384-CV, 2022 WL 10219749, at *1 (2d Cir. Oct. 18, 2022) (citing *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)).

"[T]o state a conditions-of-confinement claim, a plaintiff must satisfy two elements: (1) an objective element, which requires a showing that the challenged conditions are sufficiently serious to pose an unreasonable risk to her health or safety, and (2) a mental element, which requires a showing that a correction official acted with at least deliberate indifference to the challenged conditions." *Moments v. Warden RMSC Rikers Island et*

*al.*, No. 24-CV-7065 (LTS), 2025 WL 1696755, at *2 (S.D.N.Y. June 16, 2025) (citing *Darnell*, 849 F.3d. at 29-33).

"Under both the Eighth and Fourteenth Amendments, to establish an objective deprivation, 'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health.'" *Darnell*, 849 F.3d. at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013)). "[T]o establish a claim for deliberate indifference to conditions of confinement under the Due Process Clause of the Fourteenth Amendment, the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety. In other words, the 'subjective prong' (or 'mens rea prong') of a deliberate indifference claim is defined objectively." *Id.* at 35.

Plaintiff's allegations concerning the exploding outlet, appear to raise, at most, a negligence claim. But negligent conduct causing unintended loss or injury to life, liberty, or property is insufficient to state a claim under the Due Process Clause or any other provision of federal law. *See Daniels v. Williams*, 474 U.S. 327, 332–33 (1986) (finding that due process protections are not triggered by a government official's negligent conduct) (citing *Parratt v. Taylor*, 451 U.S. 527, 547 (1981)) (Powell, J., concurring); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986) (applying *Daniels* and holding that although an official's negligence led to serious injury, the Constitution requires no procedure to compensate injury arising from negligence).

C.  Release from Custody

To the extent Plaintiff seeks to be released from custody, that is not a remedy which this Court has the authority to grant in this Section 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (a petition for habeas corpus is the exclusive means for seeking the relief of immediate release from prison; such relief is not cognizable under § 1983); *Harvey v. Queens County District Attorney*, No. 18-CV-5373 (MKB), 2020 WL 837357, at *4 (Feb. 20, 2020) (citing *Geer v. Brown*, No. 14-CV-6172 (CBA) (LB), 2015 WL 4042166, at *4 (E.D.N.Y. July 1, 2015)).

## CONCLUSION

Accordingly, the complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A. Plaintiff's request for pro bono counsel is denied without prejudice.

In light of this Court's duty to liberally construe *pro se* complaints, and in an abundance of caution, the Court will allow Plaintiff until October 3**,** 2025, to file an amended complaint to support a claim that the conditions at RMSC were sufficiently serious and that defendants acted with deliberate indifference. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Should Plaintiff elect to file an amended complaint, the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short, plain statement of the facts supporting Plaintiff's claims.

Plaintiff must name as defendants the correctional staff who personally violated her rights.[2] Plaintiff must also identify the defendants in both the caption and the body of the amended complaint and provide the dates and locations for each relevant event.

The amended complaint will completely replace, not supplement, the original complaint. **The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order: 25-CV-3598 (RER) (CLP).**

No summons shall issue at this time and all further proceedings shall be stayed. Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency. If Plaintiff fails to amend the complaint by **October 3, 2025**, as directed by this Order, or cure the deficiencies discussed herein, judgment shall be entered, and the complaint will be dismissed.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Plaintiff, along with a prisoner civil rights complaint form.

---

[2] Plaintiff is advised that "in a suit brought under § 1983, a plaintiff must show ... the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). To establish personal involvement, a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

    /s/ Ramón E. Reyes, Jr.
Ramón E. Reyes, Jr.
United States District Judge

Dated: August 26, 2025
        Brooklyn, New York

8